JOSEPH W. COWGILL, PROSECUTOR, v. COUNTY OF CAMDEN, SAMUEL C. BERRY, WILLIAM W. MESSENGER, ANDREW F. GANSER, RALPH GITHENS, JAMES KERSHAW, OSCAR MOORE AND HAROLD F. WALTERS, RESPONDENTS.

Submitted May 6, 1947—Decided June 5, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Alexander Feinberg* (*Samuel P. Orlando,* of counsel).

For the defendants, *George G. Tartar* (*Irvin M. Lichtenstein,* of counsel).

PER CURIAM.

This case is ruled by the companion case of *Marvel* v. *County of Camden* (No. 239 of the current term, decided this day), 135 *N. J. L.* 575.

On January 1st, 1942, the Board of Chosen Freeholders of the County of Camden appointed Vincent L. Gallaher to the office of county counsel for the term of three years, commencing on that date. This was a valid exercise of the statutory power. *Gallaher* v. *County of Camden,* 129 *N. J. L.* 290. Upon the expiration of that term, on January 1st, 1945, Attilio C. Marino was designated by the Board of Freeholders as "Acting County Counsel," without specification of term. On August 19th, 1946, Marino resigned as "Acting County Counsel;" and on the ensuing August 27th, the Board of Freeholders appointed John L. Morrissey as county counsel for the term of three years from that date. On December 30th, 1946, Senator Morrissey resigned the office; and thereupon the Board of Freeholders appointed the prosecutor, Cowgill, as county counsel for the term of three years, commencing on December 31st, 1946. Proceeding upon the hypothesis

that prosecutor's appointment did not represent a lawful exercise of the granted power, the Board of Freeholders, on January 1st, 1947, appointed George G. Tartar as county counsel for "the unexpired term," commencing on that day.

We have no occasion to consider the validity *vel non* of Senator Morrissey's appointment, for in either case prosecutor's designation for the full statutory term was ineffectual; the appointment could have been made for the unexpired term only, whatever that may have been. It is clear the current term had not then expired.

The writ is accordingly dismissed, with costs.